JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00478-JVS-E | Date | May 21, 2025 |
| Title | Manuel Anthony Maestas v. Toyota Motor Corporation et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Remand [21]**

Plaintiff Manuel Anthony Maestas ("Maestas") filed a motion to remand. (Mot., Dkt. No. 21.) Defendant TRQSS, Inc. ("TRQSS") filed a notice of stay and request to remove hearing on the motion to remand. (Notice, Dkt. No. 23.) Maestas filed a notice of TRQSS's non-opposition to the motion. (Reply, Dkt. No. 24.)

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

Maestas first filed this case in state court in Santa Fe, New Mexico on April 21, 2021, against various Toyota defendants and the New Mexico Department of Transportation. (Notice of Removal, Ex. A-1, Dkt. No. 4.) On April 4, 2023, Maestas filed a First Amended Complaint, and named TRQSS as a defendant for the first time. (Id., Ex. A-2, Dkt. No. 5.) On February 15, 2024, Maestas voluntarily dismissed two Forum Defendants, leaving only J-H Supply Company, Inc. and Harry Apodaca as the remaining Forum Defendants. (Id., Dkt. No. 1, at 2-3.) TRQSS argues that, because these Forum Defendants were never served, removal is proper under 28 U.S.C. § 1332(a). (Id.) On October 8, 2024, TRQSS removed this case to the United States District Court for the District of New Mexico. (Id.)

On November 6, 2024, Maestas moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 7.) On February 6, 2025, before the court decided the motion to remand, the United States Judicial Panel on Multidistrict Litigation ordered that this case be transferred to this Court and consolidated with MDL No. 2151.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-00478-JVS-E                                        Date   May 21, 2025

Title   Manuel Anthony Maestas v. Toyota Motor Corporation et al

(Transfer Order, Dkt. No. 17.)  The case was officially transferred on March 12, 2025, (Dkt. No. 15), and assigned to this Court on March 13, 2025, (Dkt. No. 18).  On April 14, 2025, Maestas filed its renewed motion to remand.  (Mot.)

## II.  Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting Gaus, 980 F.2d at 566).

Generally, a defendant must remove an eligible civil action within thirty days of receiving service of the complaint.  28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

## III.  Discussion

Although TRQSS argues that removal is improper as part of the In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability multidistrict litigation ("MDL"), (Notice, at 1), this case is only part of the MDL if it is properly in federal court.  Thus, because the Court finds that remand is proper, it need not stay removal proceedings pursuant to the mandatory two-step intensive settlement process ("ISP") under the MDL.  (See Order, Dkt. No. 4490, Case No. 8:10-ml-02151-JVS-FMO.)

Maestas claims that removal was untimely under the one-year rule in 28 U.S.C. § 1446(c)(1), and the thirty-day rule in 28 U.S.C. § 1446(b)(3).  (See Mot., generally.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00478-JVS-E | Date | May 21, 2025 |
| Title | Manuel Anthony Maestas v. Toyota Motor Corporation et al | | |

TRQSS argued that the one-year ban on removability under 28 U.S.C. § 1446(c)(1) is inapplicable because Maestas allegedly acted in bad faith to prevent removal. (Notice of Removal, at 3.) However, TRQSS has not met its threshold of proving the Maestas acted in bad faith.[1] Further, even if the one-year ban does not apply, removal was improper under the thirty-day rule in 28 U.S.C. § 1446(b)(3). Specifically, TRQSS could ascertain that the case had purportedly become removable on February 15, 2024, when Maestas dismissed two of the Forum Defendants. TRQSS also had notice at least by May 6, 2024, that the remaining Forum Defendants had not appeared in the action, when TRQSS consented to a scheduling order which excluded the Forum Defendants. (See Mot. at 11, Exs. 4-5.) Thus, because TRQSS did not remove this case until October 8, 2024, removal was untimely under 28 U.S.C. § 1446(b)(3).

Finally, TRQSS failed to oppose this motion. The Court deems the failure to oppose the motion as consent to the granting of the motion. See Local Rule 7-9 (requiring the filing of an opposition brief or a statement of non-opposition no later than 21 days before hearing date); Local Rule 7-12 (failure to file an opposition may be deemed consent to the granting of a motion). Consequently, the Court **GRANTS** the motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion, and remands the case to state court in the First Judicial District of the State of New Mexico.

**IT IS SO ORDERED.**

The Court **VACATES** the June 2, 2025, hearing.

---

[1] TRQSS claims that Maestas acted in bad faith because "there is nothing in the record showing that Plaintiff served any of the Forum Defendants nor have any of them appeared in the Current Action . . ." (Notice of Removal, at 4.) However, Maestas provided the Court with proof that he did attempt service by mail on these defendants after joining them in the action. (Mot. at 9 n.7, Ex. 2.) Thus, TRQSS cannot establish that Maestas acted in bad faith.